# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| HOPE LEE ESPOSITIO,<br>    Plaintiff,<br>v.<br>COSTCO WHOLESALE CORPORATION,<br>    Defendant. | Case No.: 2:25-cv-00588-MMD-NJK<br><br>**Order**<br><br>[Docket No. 19] |

Pending before the Court is the parties' stipulation to extend discovery deadlines for 90 days. Docket No. 19.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The diligence obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012). The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed. *See Muniz v. United Parcel Serv., Inc.*, 731 F.Supp.2d 961, 967 (N. D. Cal. 2010) (quoting *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E. D. Cal. 1999)). That a request is jointly submitted "neither mandates allowance of the extension sought nor exempts parties from making the necessary showings to justify that relief. Failure to provide such showings may result in denial of a stipulated request to extend the case management deadlines." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1178 (D. Nev. 2022)

Here, the parties have failed to demonstrate diligence. The Court issued the scheduling order in this case on May 30, 2025. Docket No. 16. The parties have conducted little affirmative discovery. Docket No. 19 at 2-3.

1

Further, one of the reasons that the parties seek relief is because "[i]nitial discovery was hampered due to the initial removal request being denied, leaving the parties without a clear understanding of whether the case would be heard in Nevada State or Federal Court." *Id*. at 3. The parties are well aware that remand issues do not warrant a delay in discovery. Docket No. 16 at 1.

Lastly, the stipulation fails to comply with the Local Rules. Specifically, a signature block for the Court to approve the relief sought must appear on the same page as the last text of the stipulation. *See* Docket No. 19 at 7; *see also* Local Rule IA 6-2.

Nonetheless, as a <u>one-time courtesy</u>, the Court will allow a 30-day extension. The parties must diligently conduct discovery.

Accordingly, the stipulation to extend is **GRANTED** in part and **DENIED** in part. Docket No. 19.

Deadlines are **RESET** as follows:

- Amend pleadings/add parties: August 6, 2025
- Initial experts: September 1, 2025
- Rebuttal experts: September 29, 2025
- Discovery cutoff: October 29, 2025
- Dispositive motions: December 1, 2025
- Joint proposed pretrial order: December 31, 2025, 30 days after resolution of dispositive motions, or further order of the Court

Any future request to extend discovery deadlines must include a robust showing of diligence.

IT IS SO ORDERED.

Dated: July 7, 2025

                                                                  Nancy J. Koppe
                                                                   United States Magistrate Judge