DAVID A. TANNER, Esq.
Nevada Bar No. 8282
JEFFREY C. GUNN, Esq.
Nevada Bar No. 15925
**TANNER LAW FIRM**
7895 West Sunset Road, Suite 115
Las Vegas, NV 89113
Telephone (702) 987-8888
Facsimile (702) 410-8070
david@tannerlawfirm.com
jeff@tannerlawfirm.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| HOPE LEE ESPOSITO, an individual, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> COSTCO WHOLESALE CORPORATION, ) <br> a foreign corporation; DOES I through X; ) <br> and ROE ENTITIES I through X, ) <br> ) <br> Defendants. ) <br>_____) | CASE NO.: 2:25-cv-00588-MMD-NJK |

**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES**
**(SECOND REQUEST)**

There is good cause for this Stipulation in accordance with Local R. 26-3 (requiring that a "stipulation to extend any date set by the discovery plan, scheduling order, or other order… must be supported by a showing of good cause for the extension").

The Parties in this case have been working diligently to gather medical records, conduct depositions, and engage in other meaningful discovery. However, despite these efforts, both Plaintiff's experts and Defense Experts have requested additional time to review Plaintiff's extensive medical records (Plaintiff's initial production included over 9433 pages of medical records) such that Defendant has not had an opportunity to obtain radiology studies and other

1

1  necessary evidence to obtain an expert opinion regarding the relationship between Plaintiff's
2  prior medical history, current medical history, and her injury allegations.

3  Also, Plaintiff was recently admitted to the hospital and, upon discharge was discovered
4  to be infected with highly contagious clostridium difficile (c-diff) which required her to
5  quarantine herself for two weeks. Accordingly, she was unable to attend her deposition
6  previously scheduled for July 18, 2025. Plaintiff's deposition has been postponed and will not
7  occur until Mid-August. This medically required delay will prevent experts from having access
8  to Plaintiff's testimony about what happened. Her testimony is critical to the opinions of liability
9  experts.

10  Further, because of this most-recent hospitalization, the parties need additional time to
11  receive the medical records which are not generally available for thirty (30) days after discharge
12  (Ms. Esposito was discharged on or around July 16, 205). As such, Defendant and Plaintiff
13  agree in requesting 60 days be added to the schedule to allow additional medical records to be
14  obtained, and another 60 days be added to allow their expert(s) time for disclosure pursuant to
15  Fed. R. Civ. P. 26(a)(2). As such, the parties have agreed to seek an extension of 60 days of the
16  current deadlines in this case.

17  **IT IS HEREBY STIPULATED** by and between Plaintiff HOPE LEE ESPOSITO
18  (hereinafter "Plaintiff"), by and through her counsel of record, DAVID A. TANNER, ESQ. and
19  JEFFREY C. GUNN, ESQ. of the law firm of TANNER LAW FIRM, and Defendant COSTCO
20  WHOLESALE CORPORATION (hereinafter "COSTCO"), by and through its counsel of
21  record, GEORGE M. RANALLI, ESQ., and ROBERT N. EATON, ESQ. of the Law Firm of
22  RANALLI, ZANIEL, FOWLER & MORAN that all deadlines be extended by sixty (60) days,
23  as set forth below, to allow the Parties time to complete necessary discovery prior to trial.

24  A.   **STATEMENT SPECIFYING THE DISCOVERY COMPLETED:**

The following discovery has been completed by the parties:

1. May 23, 2025 Parties conducted meeting pursuant to F.R.C.P. 26(f) and L.R. 26-1(a). Parties agreed to exchange initial disclosures pursuant to F.R.C.P. 26(a)(1) by June 6, 2025.

2. Plaintiff's Initial Early Case Conference List of Witnesses and Exhibits Pursuant to FRCP 16.1 were mailed on May 30, 2025 and received by Defendant on June 6, 2025;

3. Defendant's List of Witnesses and Documents for the Early Case Conference Pursuant to FRCP 26(f) was electronically served upon Plaintiff on June 6, 2025, including a proposed copy of the Stipulated Protective Order;

4. Defendant served discovery requests including Interrogatories, Requests for Production and Requests for Admission on Plaintiff electronically on June 11, 2025;

5. Deposition of Plaintiff will be scheduled for mid-August.

6. Plaintiff provided signed HIPPA releases to allow medical records to be requested on June 11, 2025.

7. Plaintiff served discovery including Requests for Admission, Requests for Production, and Interrogatories on July 1, 2025.

8. Plaintiff responded to Defendant's Request for Stipulated Protective Order on July 1, 2025.

9. Plaintiff has responded to Defendant's discovery.

**B.   A SPECIFIC DESCRIPTION OF THE DISCOVERY THAT REMAINS TO BE COMPLETED:**

1. Further disclosure and collection of medical records, bills, and radiology films;

2. Expert depositions;

3. Deposition of Hope Esposito, date to be determined;

4. FRCP 30(b)(6) Depositions of Defendants;

    5.      Additional discovery requests;

    6.      Depositions of medical providers;

    7.      Deposition of witnesses; and

    8.      Any additional discovery the parties deem necessary.

**C.  THE REASONS WHY THE DISCOVERY REMAINING WAS NOT COMPLETED WITHIN THE TIME LIMITS SET BY THE SCHEDULING ORDER:**

The parties have been working diligently in this matter. Plaintiff was recently admitted to the hospital for highly contagious clostridium difficile and was unable to attend her deposition previously scheduled for July 18, 2025. Plaintiff's deposition will be postponed and will not occur until Mid-August. The sixty (60) day extension will allow the Defendant to obtain Plaintiff's additional medical records and obtain an opinion regarding the relationship between Ms. Esposito's treatment and her alleged injuries. The parties will also have an opportunity to continue the discovery process and take necessary depositions before Expert Deadlines. Further, the parties would like to conduct additional discovery in this matter to determine feasibility of potential mediation.

**D.  A PROPOSED SCHEDULE FOR COMPLETING ALL REMAINING DISCOVERY:**

As a result of the above, it is requested that the discovery deadlines in this case be continued sixty (60) days from their present deadlines, as follows:

|  | **Old Deadline** | **New Deadline** |
|---|---|---|
| Discovery Cut off: | 10/29/25 | 12/29/2025 |
| Dispositive Motions: | 12/01/25 | 1/30/2026 |
| Motion to Amend Pleadings or add Parties | 08/06/25 | 10/06/2025 |

**Fed. R. Civ. P. 26(a)(2) Disclosure of Experts**:: The Parties jointly propose that the initial expert disclosure deadline be extended from its present deadline of September 1, 2025 to **October 30, 2025**, and that the Rebuttal Expert disclosure deadline be extended sixty days from its current September 29, 2025 deadline to **December 1, 2025**.

E.   In the event that the discovery period is extended from the discovery cut-off date set forth in the applicable Discovery Plan and Scheduling Order, the Parties jointly propose that the date for filing dispositive motions be extended sixty (60) days from its present deadline of December 1, 2025, to **January 30, 2026**.

F.   **Pre-Trial Order:** The Parties jointly propose that the date for filing the joint pre-trial order, which is currently set for December 31, 2025, be extended sixty (60) days to **March 2, 2026**. In the event that dispositive motions are filed, the Parties jointly propose that the date for filing the joint pre-trial order be suspended until thirty (30) days after decision on dispositive motions or until further Order of the Court. In the further event that the discovery period is extended from the discovery cut-off date set forth in the applicable Discovery Plan and Scheduling Order, the Parties jointly propose that the date for filing the joint pre-trial order be extended in accordance with the time periods set forth in this Paragraph.

G.   **Fed. R. Civ. P. 26(a)(3) Disclosure:** The disclosure required by FRCP 26(a)(3), and any objections thereto, shall be included in the joint pre-trial order.

H.   **Alternative Dispute Resolution:** Counsel for the Parties certify that they met and conferred about the possibility of using alternative dispute resolution including mediation, arbitration, and/or early neutral evaluation. The Parties have not scheduled any such ADR forum at this point, but they agree to reconsider following additional or completion of discovery.

I.   **Alternative Forms of Case Disposition:** The Parties certify that they discussed consenting to trial by a magistrate judge or engaging in the Short Trial Program under FRCP 73 and, at

5

present, do not consent to either alternative form of case disposition.

J.     **Extensions or Modifications of the Discovery Plan and Scheduling Order:** Any stipulation or motion must be made no later than twenty-one (21) days before the subject deadline. Requests to extend discovery deadlines must comply fully with LR 26-3.

**SAID REQUEST IS NOT BEING MADE FOR PURPOSES OF UNDULY DELAY**

    IT IS SO STIPULATED.

July 31, 2025

**RANALLI ZANIEL FOWLER & MORAN**

/s/ *Robert N. Eaton*, Esq.
_____
**GEORGE M. RANALLI, ESQ.**
Nevada Bar No. 5748
**ROBERT N. EATON, ESQ.**
Nevada Bar No. 9547
2340 W. Horizon Ridge Parkway, Suite 100
Henderson, Nevada 89052
*Attorneys for Defendant*

July 31, 2025

**TANNER LAW FIRM**

/s/ *Jeffrey C. Gunn*, Esq.
_____
**DAVID A. TANNER, ESQ.**
Nevada Bar No. 8282
**JEFFREY C. GUNN, ESQ.**
Nevada Bar No. 15925
7895 W. Sunset Road, Ste 115
Las Vegas, NV 89113
*Attorneys for Plaintiff*

IT IS SO ORDERED.
Dated: August 1, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

6