**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Hope Lee Esposito,<br><br>  Plaintiff,<br><br>v.<br><br>Costco Wholesale Corporation,<br><br>  Defendant. | Case No. 2:25-cv-00588-MMD-NJK<br><br>**ORDER**<br><br>[Docket No. 31] |

Pending before the Court is Plaintiff's motion for spoliation sanctions. Docket No. 31. Defendant filed a response in opposition. Docket No. 34. Plaintiff filed a reply. Docket No. 35. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the Court **DENIES** the motion without prejudice.

As it must, the Court begins by correctly articulating the law. *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000). Rule 37(e) of the Federal Rules of Civil Procedure was drafted to foreclose judicial reliance on inherent authority in analyzing alleged spoliation of electronically stored information, *see, e.g.*, *PlayUp, Inc. v. Mintas*, 2022 WL 4985098, at *2 n.2 (D. Nev. Sept. 2, 2022) (quoting Fed. R. Civ. P. 37(e), Advisory Committee Notes (2015)), and the Ninth Circuit has more recently held that a court errs as a matter of law by analyzing a motion alleging spoliation of electronically stored information through the lens of inherent authority sanctions, *Gregory v. State of Mont.*, 118 F.4th 1069, 1080 (9th Cir. 2024). So, Rule 37(e) governs the instant request. In applying the federal rules, the Court hews closely to the plain language of the text, *see Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 540 (1991), as the three most important rules of statutory interpretation are to (1) read the rule, (2) read the rule, and (3) read the rule, *cf. United States v. Engstrom*, 166 F.4th 835, 843 (9th Cir. 2026).

1

The governing rule here provides as follows:

(e) Failure to Preserve Electronically Stored Information. If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:

(1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or

(2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:

(A) presume that the lost information was unfavorable to the party;

(B) instruct the jury that it may or must presume the information was unfavorable to the party; or

(C) dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e).

Based on the plain language of the rule, a party seeking curative remedies under Rule 37(e)(1) must establish that: (1) the information at issue qualifies as electronically stored information, (2) that information should have been preserved in the anticipation or conduct of litigation, (3) that information was lost because a party failed to take reasonable steps to preserve it, (4) that information cannot be restored or replaced through additional discovery, and (5) the movant has been prejudiced from the loss of that information. *See Gregory*, 118 F.4th at 1078. A party seeking sanctions under Rule 37(e)(2) must establish that the opposing party acted with the intent to deprive the movant of the information's use in the litigation. *See Gregory*, 118 F.4th at 1078. If a showing has been made on all of the necessary requirements, the severe sanctions outlined in Rule 37(e)(2) "may" be imposed. If a showing has been made as to all of the required showings for Rule 37(e)(1) remedies but a showing has not made of an intent to deprive, then the Court cannot impose the sanctions identified in Rule 37(e)(2) or any other sanctions with the same or similar effect. *See Gregory*, 118 F.4th at 1079.

Although Plaintiff's motion identifies Rule 37(e) as governing this request, the case law cited therein arises in the context of inherent authority sanctions. *See, e.g.*, Docket No. 31 at 11-12 (citing *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958-59 (9th Cir. 2006). The reply similarly relies significantly on cases applying the inherent authority standards. *See, e.g.*, Docket No. 35 at 4 (citing *Chism v. Costco Wholesale Corp.*, 2025 WL 2393039, at *2 (D. Nev. Aug. 14, 2025)). Consistent with controlling Ninth Circuit law, however, the Court cannot resolve the instant request based on its inherent authority. While there might be some overlap in the Rule 37(e) analysis and the inherent authority analysis, no meaningful showing has been made as to why reliance on the latter is appropriate here.[1] The briefing also regularly vacillates between the different standards and requirements applicable to Rule 37(e) and inherent authority. In addition, Plaintiff's requested relief blurs the line between curative remedies available under Rule 37(e)(1) and sanctions available under Rule 37(e)(2). This is a significant distinction because the Rule 37(e)(2) sanctions are only available upon a showing of an intent to deprive, and the Court cannot impose the same or similar remedies under Rule 37(e)(1). Meaningful argument has not been advanced as to whether the types of relief requested are permissible under Rule 37(e)(1).

Accordingly, Plaintiff's motion for spoliation sanctions is **DENIED** without prejudice. Counsel must read the Ninth Circuit's decision in *Gregory*. If Plaintiff continues to seek relief related to alleged spoliation,[2] any renewed motion must be filed by April 23, 2026. That motion (and any resulting opposition brief) must be structured to address the pertinent Rule 37(e) requirements in turn. Any reliance on case law discussing inherent authority sanctions must be accompanied by an explanation as to why and how that case law applies in the Rule 37(e) context. For any curative Rule 37(e)(1) remedies that Plaintiff seeks, meaningful explanation (preferably

---

[1] With respect to the scienter element for sanctions, in particular, it is important to track closely with the "intent to deprive" standard specific to the Rule 37(e). *See Gregory*, 118 F.4th at 1080 (explaining that this "is a demanding specific-intent standard, and purposely so," that was meant to abrogate case law relying on a lesser culpability level).

[2] Given the cooperation required during the discovery process, counsel may want to consider conferring to reach an amicable resolution rather than engaging in renewed motion practice.

supported by legal authority) must be advanced as to why that remedy does not have an effect similar to a Rule 37(e)(2) sanction.[3]

IT IS SO ORDERED.

Dated: April 9, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

---

[3] Lastly, Defendant has had plenty of time to get a *signed* declaration, but one has not yet been filed.  The Court expects the evidentiary showings made in any renewed motion practice to be proper.