**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Hope Lee Esposito,
Plaintiff,
v.
Costco Wholesale Corporation,
Defendant.

Case No. 2:25-cv-00588-MMD-NJK

**ORDER**

[Docket No. 38]

Pending before the Court is Plaintiff's renewed motion for spoliation sanctions. Docket No. 38. Defendant Costco Wholesale Corporation filed a response in opposition. Docket No. 42. Plaintiff filed a reply. Docket No. 43. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the Court **GRANTS** in part and **DENIES** in part Plaintiff's renewed motion for spoliation sanctions.

## I. Background

Plaintiff alleges that, on July 11, 2023, she "encountered a liquid on the ground [at a local Costco store] that caused her to slip and fall." Compl. at ¶¶ 6, 10.[1] On February 4, 2025, Plaintiff brought suit in state court alleging negligence. *See id.* at ¶¶ 16-20. On March 31, 2025, Defendant removed the case on diversity jurisdiction. *See* Docket No. 1-1.

At the time of the incident, Plaintiff completed an incident report. Docket No. 38-1. In addition, Costco employees conducted an investigation. As part of that investigation, Costco took photographs and collected surveillance video. *See* Docket No. 38-2. Costco's policy is to retain surveillance video covering two hours before an incident and two hours after an incident. Docket No. 38-3 at 5. On the day of the incident at issue in this case, the employee in charge of retaining video was on vacation and the position was being covered on an interim basis by Raul Aceves. *See* Docket No. 42-1 at ¶ 5. Aceves attests that he was tasked with downloading the surveillance

[1] In violation of Local Rule IC 2-2(a)(3)(A), Defendant did not docket the complaint as a separate exhibit to its removal papers. The complaint is located at Docket No. 1-1 at 6-11.

video, but that such a task was not part of his usual duties, he was unfamiliar with Costco's policy of the length of time to preserve, and he only preserved five minutes of video. *See id.* at ¶¶ 3-4, 6-7. The video that Aceves retained includes approximately two minutes before the incident and approximately three minutes after the incident.[2]

On July 27, 2023, Plaintiff's counsel sent a preservation letter seeking retention of all camera footage for a period of 12 hours before the incident and 12 hours after the incident. Docket No. 38-5. The record does not show whether the surveillance video was still in existence as of the date of the preservation letter. *See* Docket No. 38-3 at 5. The record also does not reflect the steps taken by Costco upon receiving the preservation letter. *See id.* at 12.

The parties are now before the Court on Plaintiff's motion for sanctions for the failure to preserve additional time of surveillance footage. *See* Docket No. 38.

## II. Standards

A motion for alleged spoliation of electronically stored information is governed by Rule 37(e) of the Federal Rules of Civil Procedure,[3] which provides as follows:

> (e) Failure to Preserve Electronically Stored Information. If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> > (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
> >
> > (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
> >
> > > (A) presume that the lost information was unfavorable to the party;

[2] Plaintiff filed the five minutes of surveillance video that was produced, Docket No. 49, and the Court has reviewed it.

[3] Rule 37(e) is the exclusive vehicle for seeking spoliation remedies for electronically stored information, as it forecloses reliance on either federal inherent authority case law or on state law. *Gregory v. State of Mont.*, 118 F.4th 1069, 1079 (9th Cir. 2024) (quoting Rule 37(e) Advisory Committee Note to 2015 Amendment).

> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
>
> (C) dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e).

Based on the plain language of the rule, the initial inquiry is to determine whether (1) the information at issue qualifies as electronically stored information, (2) that information should have been preserved in the anticipation or conduct of litigation, (3) that information was lost because a party failed to take reasonable steps to preserve it, and (4) that information cannot be restored or replaced through additional discovery. Fed. R. Civ. P. 37(e). If the predicate circumstances are found to exist, the Court may impose curative measures upon an additional finding of prejudice to the movant from the loss of the electronically stored information. Fed. R. Civ. P. 37(e)(1). If the predicate circumstances are found to exist, the Court may also impose the most severe sanctions (including case-dispositive sanctions) upon a finding that the opposing party acted with the intent to deprive. Fed. R. Civ. P. 37(e)(2); *see also, Gregory*, 118 F.4th at 1079.

"The Ninth Circuit has not set forth a specific standard of proof, but district courts in this Circuit apply a preponderance of the evidence standard in making findings to determine whether to impose spoliation sanctions under Rule 37(e)." *Smahi v. STMicroelectronics, Inc.*, 789 F. Supp. 3d 690, 694 (N.D. Cal. 2025) (quoting *Morehead v. City of Oxnard*, No. CV 2:21-cv-07689-SPG-ADSx, 2023 WL 8143973, at *4 (C.D. Cal. Oct. 4, 2023)).

**III. Analysis**

Plaintiff's motion seeks relief under both Rule 37(e)(1) and Rule 37(e)(2). Plaintiff argues that the missing surveillance video is ESI that should have been preserved in anticipation of litigation, that it was lost due to Defendant's failure to take reasonable steps to preserve it, and that it cannot be restored or replaced through additional discovery. Defendant does not meaningfully dispute these circumstances, so the Court takes them as established. *See Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011).[4] As to Rule 37(e)(1), Plaintiff argues that she has been prejudiced by the loss. Defendant responds by arguing

---

[4] Costco's response is relatively cursory, focusing on evidence of an intent to deprive and prejudice. *See* Docket No. 42 at 4-7.

that there is a lack of prejudice. As to Rule 37(e)(2), Plaintiff argues that Defendant acted with an intent to deprive. Defendant disputes that it acted with the requisite intent. The Court addresses the arguments as to Rule 37(e)(2) first, before turning to the arguments as to Rule 37(e)(1).

A. Rule 37(e)(2)

The Court begins with Plaintiff's request for Rule 37(e)(2) sanctions. The sanctions authorized by Rule 37(e)(2) are unavailable absent a showing the opposing party "acted with the intent to deprive another party of the information's use in litigation." Fed. R. Civ. P. 37(e)(2). This "is a demanding specific-intent standard, and purposely so." *Gregory*, 118 F.4th at 1080. The standard is met upon a showing of "willful destruction of evidence" done for "the purpose of avoiding its discovery by an adverse party." *Id.* (quoting *Jones v. Riot Hosp. Grp. LLC*, 95 F.4th 730, 735 (9th Cir. 2024)). Evidence of negligence, gross negligence, or recklessness does not suffice to impose the sanctions authorized by Rule 37(e)(2). *See id.*

The Court agrees with Costco that the evidence does not show an intent to deprive. The record is clear that the employee who would normally preserve this type of surveillance video was on vacation on the day of the incident, so that task fell to another individual who was covering that duty and was unaware of Costco's policy as to the length of video to preserve. Docket No. 42-1 at ¶¶ 3-7. That covering employee did in fact preserve surveillance footage, albeit not in the length that Plaintiff now asserts was warranted. Such circumstances might show carelessness or negligence, but they do not suggest willfulness.[5] Moreover, although Plaintiff points to the fact that her counsel sent a preservation letter, *see, e.g.*, Docket No. 38 at 17, Plaintiff cites to no evidence showing that Costco had an ability to preserve additional footage at that time or what steps Costco took (or did not take) in response to the letter. "While the circumstances surrounding Defendant's efforts to preserve the footage are not entirely clear, that lack of clarity is not enough

[5] Plaintiff relies heavily on the fact that the covering employee saved less video footage than set out in Costco's policy. *See, e.g.*, Docket No. 43 at 4. The advisory notes caution against placing too much weight on whether electronically stored information was meant to be preserved by a party's own information-retention protocols. Fed. R. Civ. P. 37(e), advisory committee notes (2015) ("the fact that the party failed to observe some other preservation obligation does not itself prove that its efforts to preserve were not reasonable with respect to a particular case"). In the circumstances of this case, the Court is not persuaded that the covering employee's failure to comply with company protocol warrants a finding of willful destruction of evidence.

for the Court to find that Defendant intentionally destroyed footage." *Doumat v. Target Corp.*, No. 2:23-cv-01231-RFB-DJA, 2026 WL 183797, at *3 (D. Nev. Jan. 22, 2026).[6]

Accordingly, the Court will not impose Rule 37(e)(2) sanctions against Costco.

B. Rule 37(e)(1)

Plaintiff also requests curative measures under Rule 37(e)(1). The measures authorized by Rule 37(e)(1) are unavailable absent a finding of prejudice. Controlling law does not establish "a bright-line rule governing what portion of video surveillance is relevant in slip and fall cases." *Demena v. Smith's Food & Drug Ctrs., Inc.*, No. 2:12-cv-00626-MMD-CWH, 2012 WL 3962381, at *3 n.4 (D. Nev. Sept. 10, 2012). Moreover, the Ninth Circuit has not articulated the standard for prejudice for Rule 37(e)(1), but the drafters of the rule make clear that a determination of prejudice in this context "necessarily includes an evaluation of the information's importance in the litigation." *Armstrong v. Holmes*, No. 3:22-cv-00375-ART-CDS, 2024 WL 1345214, at *3 (D. Nev. Mar. 29, 2024) (quoting Fed. R. Civ. P. 37(e), advisory committee notes (2015)). "Rule 37(e) does not place a burden of proving or disproving prejudice on one party or the other. Ultimately, discretion is left to judges to determine how to best assess prejudice in particular cases." *Estate of Bosco v. Cnty. of Sonoma*, 640 F. Supp. 3d 915, 926-27 (N.D. Cal. 2022) (cleaned up, citing 2015 advisory note).

Whether Plaintiff has been prejudiced by the loss of the surveillance video footage is a close call in this case. On the one hand, Plaintiff's own incident report indicates that the substance on the floor was water or ice. *See* Docket No. 38-1. Moreover, the surveillance video shows several persons walking through the same area and does not show any liquid in the place where

[6] Plaintiff asks the Court to infer bad faith based on the Rule 30(b)(6) deponent's inability to answer questions concerning the preservation letter, *see* Docket No. 38 at 17, but Plaintiff did not file a timely motion to compel or other motion seeking relief as to that aspect of the deposition. The face of the deposition transcript does not evidence willfulness. Plaintiff also suggests that the Court hold an evidentiary hearing to plumb these issues, *see* Docket No. 38 at 17, but a party seeking spoliation sanctions should develop an evidentiary record by taking appropriate discovery, *see James v. US Bancorp.*, No. ED CV 18-1762 FLA (SPx), 2021 WL 1890787, at *8 (C.D. Cal. May 11, 2021); *see also, e.g.*, *Iwatsuru v. State Farm Mut. Auto. Ins. Co.*, No. 2:21-cv-01283-JAD-NJK, 2023 WL 2167761, at *3 n.8 (D. Nev. Feb. 22, 2023). Discovery has been closed for months, *see* Docket No. 30 at 1 (setting discovery cutoff for February 27, 2026), and trial has been set, Docket No. 41. The Court will not hold an evidentiary hearing to attempt to back-fill the factual record that should have been developed during the discovery period.

Plaintiff slipped. The surveillance footage itself would therefore not tend to support a claim that Costco was on notice of a hazardous condition, at least not based on what can be seen in the video. *See Demena*, 2012 WL 3962381, at *3 (denying for lack of relevance motion for spoliation sanctions as to preservation of only 65 seconds of surveillance footage before a slip-and-fall incident because the allegedly hazardous jalapeno was not visible in the footage). On the other hand, the Court simply does not know what would be shown in the additional portions of the surveillance video had they been preserved. At the very least, Plaintiff has advanced a plausible, concrete suggestion as to the contents of the missing footage, including that it may show the source of the alleged liquid, thus potentially leaving Plaintiff with incomplete evidence to present at trial. *See RG Abrams Ins. v. Law Offices of C.R. Abrams*, 342 F.R.D. 461, 507 (C.D. Cal. 2022); *see also, e.g.*, *hiQ Labs, Inc. v. LinkedIn Corp.*, 639 F.Supp.3d 944, 979 (N.D. Cal. 2022); *Fast v. GoDaddy.com LLC*, 340 F.R.D. 326, 339 (D. Ariz. 2022).

Having considered the circumstances and competing arguments, the Court concludes that Plaintiff has made a sufficient showing of prejudice to nudge across the line for remedial relief. Remedies imposed pursuant to Rule 37(e)(1) cannot be greater than necessary to cure that prejudice and one potential form of relief is permitting the parties to present evidence and argument to the jury regarding the loss of evidence. *See, e.g.*, *Hunt v. Assa Abloy Entrance Sys. US, Inc.*, No. 2:24-cv-01980-GMN-EJY, 2025 WL 2484182, at *6 (D. Nev. Aug. 28, 2025). In this case, the parties should be permitted to present evidence and argument to the jury regarding Costco's failure to preserve more of the surveillance video footage and the jury can make of that information whatever it chooses.[7]

---

[7] The undersigned is not the trial judge, of course, so the precise contours of the permissible evidence and argument on this issue is better decided by the assigned district judge. *Cf. Deerpoint Grp., Inc. v. Agrigenix, LLC*, No. 1:18-cv-00536-AWI-BAM, 2022 WL 16551632, at *23 (E.D. Cal. Oct. 31, 2022).

**IV. Conclusion**

For the reasons discussed above, the Court **GRANTS** in part and **DENIES** in part Plaintiff's renewed motion for spoliation sanctions.

IT IS SO ORDERED.

Dated: July 14, 2026

Nancy J. Koppe
United States Magistrate Judge